# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD AUGUSTINE | CIVIL ACTION |
| VERSUS | NO. 16-1191 |
| DARRYL VANNOY, ET AL. | SECTION "E" |

## ORDER AND REASONS

Now before the Court is Petitioner's Motion for a Temporary Stay and Abeyance pursuant to Rule 62(b).[1] For the reasons below, Petitioner's Motion for a Temporary Stay and Abeyance is **DENIED**.

## BACKGROUND

On November 28, 2012, Edward Augustine ("Petitioner") was convicted of second degree murder and attempted second degree murder.[2] On January 3, 2013, Petitioner was sentenced on the former conviction to a term of life imprisonment, and to a concurrent term of thirty years imprisonment on the latter conviction.[3] On January 22, 2014, the Louisiana Fourth Circuit Court of Appeals affirmed the Petitioner's convictions and sentences.[4] The Louisiana Supreme Court then denied his related writ application on September 26, 2014.[5] Petitioner filed an application for post-conviction relief with the state district court in November 2015, which was denied on December 2, 2015.[6] Petitioner did not seek supervisory review of that denial.[7]

---

[1] R. Doc. 26.
[2] R. Doc. 17 at 1.
[3] *Id.*
[4] *State v. Augustine*, 133 So.3d 148 (La. App. 4th Cir. 2014).
[5] *State v. Augustine*, 149 So.3d 260 (La. 2014).
[6] R. Doc. 17 at 2.
[7] *Id.*

1

On February 22, 2016, Petitioner, filed a *pro se* petition for a writ of habeas corpus.[8] The state filed a response conceding that his application was timely, but argued that Petitioner's claims were without merit.[9] Petitioner filed a reply to the state's response.[10] Magistrate Judge Janis van Meerveld then issued a Report and Recommendation ("R&R") on March 7, 2017, recommending that that the federal application for habeas corpus relief Petitioner be dismissed with prejudice.[11] On March 20, 2017, Petitioner filed an objection to the findings and conclusions in Judge van Meerveld's R&R.[12]

On July 10, 2017, this Court adopted the recommendations in Judge van Meerveld's R&R,[13] and issued a judgment dismissing Petitioner's federal application for habeas corpus relief with prejudice.[14] The Court also denied the issuance of a certificate of appealability on the grounds that Petitioner failed to make a substantial showing of a violation of a constitutional right.[15] Petitioner then filed a notice to appeal Judge Morgan's July 10 judgment and denial of the certificate of appealability, and moved for leave to appeal *in forma pauperis*.[16] On July 25, 2017, Judge Morgan granted Petitioner's motion for leave to appeal *in forma pauperis*.[17]

On August 1, 2017, Petitioner appealed to the United States Court of Appeals for the Fifth Circuit.[18] On September 8, 2017, Petitioner filed motions for (1) Rule 60(b) relief

---

[8] R. Doc. 1 at 15.
[9] R. Doc. 17 at 2.
[10] *Id.*
[11] *Id.* at 26.
[12] R. Doc. 18 at 1.
[13] *See* R. Doc. 19.
[14] R. Doc. 20 at 1.
[15] R. Doc. 21 at 1.
[16] R. Doc. 22 at 1; R. Doc. 23 at 1.
[17] R. Doc. 24 at 1.
[18] R. Doc. 25 at 1.

from judgment[19] and (2) a temporary stay and abey order pursuant to Rule 62(b).[20] In his Rule 62(b) motion, Petitioner raises several unexhausted issues: (1) whether collateral counsel was ineffective in his representation of Petitioner's collateral proceedings, and whether that ineffectiveness caused procedural default; (2) whether Petitioner should be able to continue as timely and properly filed; (3) whether Petitioner's claims may be brought pursuant to *Trevino v. Thaler*[21] and *Coleman v. Goodwin*[22]; (4) whether applicant was denied a fair trial where the state failed to negate any reasonable probability of misidentification; (5) whether every essential element of the crime was proved beyond a reasonable doubt; and (6) whether Petitioner's counsel was ineffective for denying him the right to testify in his own behalf.[23] These issues were not briefed in Petitioner's original habeas petition. Petitioner asks this Court to allow leave to proceed to state court to seek exhaustion of the new issues.[24]

## **ANALYSIS**

Federal courts have the discretion to stay federal habeas proceedings while prisoners seek the exhaustion of claims in state court.[25] Granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts.[26] As a result, "stay and abeyance is only appropriate where (1) the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court"; (2) the claim is not "plainly

---

[19] R. Doc. 27. Petitioner's Rule 60(b) motion is addressed in a separate Order and Reasons.
[20] R. Doc. 26.
[21] 569 U.S. 413 (2013).
[22] 833 F.3d 537 (5th Cir. 2016).
[23] R. Doc. 26 at 6.
[24] *Id.*
[25] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).
[26] *Id.*

3

meritless"; and (3) there is no indication that the petitioner is "engag[ing] in abusive litigation tactics or intentional delay."[27]

In this case, the Court need not take a position on the merits of Petitioner's unexhausted claims, or on the question of whether Petitioner has good cause for the failure to exhaust. This Court cannot grant a temporary stay because Petitioner's federal habeas proceedings have been adjudicated and a judgment has been issued.[28] The appeal is currently before the Fifth Circuit.[29] Simply put, there is nothing pending in this Court that can be held in abeyance, and so this Court is unable to provide the relief sought by Petitioner. As the Western District of Texas noted in denying a post-judgment motion for stay and abeyance, "[g]iven the current procedural posture of this cause, i.e., with petition having already filed a Notice of Appeal and this Court's Clerk's Office receiving urgent inquiries from the Fifth Circuit regarding the disposition of petitioner's post-judgment motions, a stay appears inappropriate."[30]

To the extent that Petitioner wants to amend his federal petition with new claims, the proper procedure would be to obtain permission from the Fifth Circuit to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)[31] and then request a stay from this Court in order to pursue state adjudication of any unexhausted claims.[32]

---

[27] *Young v. Stephens*, 795 F.3d 484 (5th Cir. 2015).
[28] R. Doc. 20.
[29] R. Doc. 25.
[30] *Young v. Stephens*, 2014 WL 2628941 at *18 (W.D. Tex. 2014).
[31] Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b)(3) (2012).
[32] *Young*, 795 F.3d at 495.

## **CONCLUSION**

For the reasons above, Petitioner's motion for a stay and abeyance is **DENIED**.

**New Orleans, Louisiana, this 27th day of November, 2017.**

                                      **SUSIE MORGAN**
                          **UNITED STATES DISTRICT JUDGE**