# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD AUGUSTINE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1191** |
| **DARRYL VANNOY, ET AL.** | **SECTION "E"** |

## ORDER AND REASONS

Now before the Court is Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] For the reasons below, Petitioner's Motion for Relief from Judgment is **DENIED**.

## BACKGROUND

On November 28, 2012, Edward Augustine (the "Petitioner") was convicted of second degree murder and attempted second degree murder.[2] On January 3, 2013, Petitioner was sentenced on the former conviction to a term of life imprisonment, and to a concurrent term of thirty years imprisonment on the latter conviction.[3] On January 22, 2014, the Louisiana Fourth Circuit Court of Appeals affirmed the Petitioner's convictions and sentences.[4] The Louisiana Supreme Court then denied his related writ application on September 26, 2014.[5] Petitioner filed an application for post-conviction relief with the state district court in November 2015, which was denied on December 2, 2015.[6] Petitioner

---

[1] R. Doc. 27.
[2] R. Doc. 17 at 1.
[3] *Id.*
[4] *State v. Augustine*, 133 So.3d 148 (La. App. 4th Cir. 2014).
[5] *State v. Augustine*, 149 So.3d 260 (La. 2014).
[6] R. Doc. 17 at 2.

1

failed to seek supervisory review of that denial, due allegedly to the incompetence of his collateral attorney.[7]

On February 5, 2016, Petitioner filed a *pro se* petition for a writ of habeas corpus.[8] The state filed a response conceding that his application was timely, but argued that Petitioner's claims were without merit.[9] Petitioner filed a reply to the state's response.[10] Magistrate Judge Janis van Meerveld then issued a Report and Recommendation ("R&R") on March 7, 2017, recommending that that the federal application for habeas corpus relief be dismissed with prejudice.[11] On March 20, 2017, Petitioner filed an objection to the findings and conclusions in Judge van Meerveld's R&R.[12]

On July 10, 2017, this Court adopted the recommendations in Judge van Meerveld's R&R,[13] and issued a judgment dismissing Petitioner's federal application for habeas corpus relief with prejudice.[14] The Court also denied the issuance of a certificate of appealability on the grounds that Petitioner failed to make a substantial showing of a violation of a constitutional right.[15] Petitioner then filed a notice to appeal Judge Morgan's July 10 judgment and denial of the certificate of appealability, and moved for leave to appeal *in forma pauperis*.[16] On July 25, 2017, the Court granted Petitioner's motion for leave to appeal *in forma pauperis*.[17]

---

[7] *Id. See also* R. Doc. 27.
[8] R. Doc. 1 at 15.
[9] R. Doc. 17 at 2.
[10] *Id.*
[11] *Id.* at 26.
[12] R. Doc. 18 at 1.
[13] *See* R. Doc. 19.
[14] R. Doc. 20 at 1.
[15] R. Doc. 21 at 1.
[16] R. Doc. 22 at 1; R. Doc. 23 at 1.
[17] R. Doc. 24 at 1.

On August 1, 2017, Petitioner appealed to the United States Court of Appeals for the Fifth Circuit.[18] On September 8, 2017, Petition filed motions for (1) Rule 60(b) relief from judgment[19] and (2) a temporary stay and obey order.[20] In his Rule 60(b) motion, Petitioner alleges that his post-conviction collateral counsel, Jason R. Williams, failed to act during the one-year window for federal habeas relief, and that as a result movant was forced to file his petition pro se.[21] Further, Petitioner alleges that Mr. Williams failed to appeal the denial of Petitioner's state collateral relief, leaving Petitioner with only direct appeal claims in his federal habeas petition.[22] Petitioner also claims that Mr. Williams never enrolled with the court as counsel in the case, allowed Petitioner's habeas time to nearly expire, and failed to create work product after nearly two years.[23] Petitioner moves for relief from the Court's denial of his habeas petition so that his claims of ineffective counsel can be exhausted and reviewed.[24]

## **LAW AND ANALYSIS**

Rule 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[25]

---

[18] R. Doc. 25 at 1.
[19] R. Doc. 27.
[20] R. Doc. 26. The Rule 62(b) motion is addressed in a separate Order and Reasons.
[21] R. Doc. 27 at 1.
[22] R. Doc. 27 at 6.
[23] R. Doc. 26 at 24.
[24] R. Doc. 27 at 9.
[25] Fed. R. Civ. P. 60(b)(1)-(6).

The purpose of Rule 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[26] As the moving party, Petitioner has the burden to show why the Court should vacate the Court's prior judgment.[27] The determination of whether the Petitioner has satisfied their burden lies within this Court's sound discretion.[28]

Granting relief under Rule 60 is "an extraordinary remedy which should be used sparingly."[29] Consequently, the "scope of relief that may be obtained under Rule 60(b) is strictly limited."[30] A motion to vacate a judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[31] Rule 60(b) "does not provide for relief from a judgment in a criminal case."[32] Rather, a Rule 60(b) motion enables a movant to attack "some defect in the integrity of the federal habeas proceedings[,]" and not the substance of the federal court's resolution of a claim on the merits.[33]

A. Rule 60(b) Pending Appeal

As a threshold matter, this Court must determine whether it has jurisdiction to rule on Petitioner's Rule 60(b) motion. Generally, district courts lack the power to issue a Rule 60(b) motion after an appeal has been docketed and is pending before the Court of Appeals.[34] "Once the notice of appeal has been filed, while the district court may consider

---

[26] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).
[27] *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011).
[28] *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).
[29] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993) ("Courts are disinclined to disturb judgments under the aegis of Rule 60(b).").
[30] 12 Moore's Federal Practice § 60.02 (3d ed. 2010).
[31] *Templet*, 367 F.3d at 478.
[32] *United States v. O'Keefe*, 169 F.3d 281. 289 (5th Cir.1999).
[33] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).
[34] Fed. R. Civ. P. 62.1 (Advisory Committee Notes) ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand").

or deny a Rule 60(b) motion . . . it no longer has the jurisdiction to grant such a motion while the appeal is pending."[35] The Fifth Circuit recognizes a limited exception to this rule, however.[36] "When a Rule 60(b) motion is filed while an appeal is pending, [the Fifth Circuit] has expressly recognized the power of the district court to consider on the merits and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal."[37] In the event that the district court is inclined to grant the Rule 60(b) motion, "the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion."[38]

Plaintiff has a pending appeal in this case.[39] If the Court determines that Plaintiff's motion raises a substantial issue or that it intends to grant the motion, it will instruct Plaintiff to request a remand.[40] If however, the Court finds no substantial issue exists, it will deny the motion.

### B. Rule 60(b) Motions as Successive Habeas Applications

A petitioner may file a Rule 60(b) motion in habeas proceedings, but only in conformity with the limit on successive federal petitions established in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").[41] "Under [AEDPA], a petitioner's failure to obtain authorization from an appellate court to file a second or successive

---

[35] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004).
[36] *Id.*
[37] *Willow v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984), *on reh'g*, 784 F.2d 706 (5th Cir. 1986) (emphasis added).
[38] *Id.* at 329.
[39] R. Doc. 25.
[40] *See, e.g., Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976) ("[T]his circuit, along with other circuits and the commentators, has expressly recognized power in the district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal.").
[41] Antiterrorism and Effective Death Penalty Act, 28 U.S.C.A. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

habeas petition is a jurisdictional bar."[42] In this case, Petitioner did not seek authorization from an appellate court to file a second or successive habeas petition. Thus, if the Rule 60(b) motion is in reality a second or successive habeas petition, this Court is without jurisdiction to consider the motion.

In *Gonzales v. Crosby*, the Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the habeas proceedings."[43] In other words, a Rule 60(b) motion should be denied if it challenges an earlier denial of habeas relief on the merits[44] or if it seeks to add a new ground for relief.[45] If, however, the Rule 60(b) motion "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."[46] Where the Rule 60(b) motion challenges the district's court's denial of habeas relief on the merits, however, it must be considered a second or successive petition, and the district court has no authority to consider it prior to remand.[47]

Petitioner asserts a single ground for his Rule 60(b) motion: ineffective counsel during his state post-conviction relief and federal habeas application.[48] Petitioner argues that Mr. Williams' conduct "inhibited him from exercising his full Due Process rights to have his viable claims heard, both in state and federal habeas proceedings."[49]

---

[42] *United States v. Nkuku,* 602 F. App'x 183, 185 (5th Cir. 2015).
[43] 545 U.S. 524, 532 (2005).
[44] *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010).
[45] *In re Coleman*, 768 F.3d 367 (5th Cir. 2014).
[46] *Gonzales*, 545 U.S. at 532 n.4.
[47] *Id.* at 532.
[48] R. Doc. 27 at 1.
[49] *Id.* at 4-5.

The Court finds that under *Gonzales*, it does not have the authority to consider Petitioner's Rule 60 motion. Petitioner's motion does not challenge "some defect in the integrity of the federal habeas proceedings," but only seeks to add additional claims to his original habeas application. In his habeas application, Petitioner argued (1) that the state suppressed material evidence in violation of *Brady v. Maryland*,[50] and (2) that his rights under the Sixth Amendment's Confrontation Clause were violated by the admission of hearsay testimony at trial.[51] The Magistrate Judge's Report and Recommendation, which this Court adopted, dismissed these claims on the merits.[52] In the Rule 60(b) motion, Petitioner argues that the incompetence of his post-conviction counsel disadvantaged his federal habeas application by forcing him to file the application pro se, and by limiting his federal application to direct appeal claims. As the Fifth Circuit has explained, however, claims such as these are "fundamentally substantive," in that they seek to ask the Court to reconsider its own determination on the merits.[53] In *In re Coleman*, the Fifth Circuit considered a Rule 60(b) motion in which the petitioner argued that her counsel failed to discover and present certain evidence, and that because this evidence was unavailable to the federal district court, the integrity of the habeas proceedings was flawed.[54] The Fifth Circuit disagreed, concluding that her claim "sounds in substance, not procedure," and that the Rule 60(b) motion would be treated as a successive habeas application.[55]

This case is similar. Petitioner does not "merely assert[] that a previous ruling which precluded a merits determination was in error—for example, a denial for such

---

[50] 373 U.S. 83 (1963)
[51] R. Doc. 3-1 at 28, 35.
[52] R. Doc. 17.
[53] *In re Coleman*, 768 F.3d 367, 371-72 (5th Cir. 2014).
[54] *Id*.
[55] *Id*. at 372.

reasons as failure to exhaust, procedural default, or statute-of-limitations bar."[56] Rather, the Court has made a determination on the merits that Petitioner's habeas application does not entitle him to relief, and Petitioner seeks to present additional arguments in favor of habeas relief.

Further, the narrow exception for procedural defects does not include "an attack based on the movant's own conduct, or his habeas counsel's omissions," which "do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably."[57]

In support, Petitioner cites to *Maples v. Thomas*, in which the Supreme Court held that a federal court may entertain a state prisoner's habeas claims despite a procedural default in state habeas proceedings, when the prisoner's post-conviction attorney abandons his client without notice and thereby occasions the default.[58] However, *Maples* simply stands for the proposition that in the rare case that an attorney totally abandons his client, the client can rely on the attorney's negligence to establish cause for a procedural default in state court.[59] *Maples* does not address the treatment of Rule 60(b) motions in post-judgment habeas cases, and in any event, Petitioner's habeas claims, unlike those in *Maples*, were decided on the merits.

Accordingly, this Court shall treat Petitioner's Rule 60(b) motion as a successive application for federal habeas relief. Under 28 U.S.C. § 2244(b)(3)(A), Petitioner must move for an order in the Fifth Circuit authorizing this Court to consider the successive

---

[56] *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007).
[57] *Id.* at 372 (quoting *Gonzalez*, 545 U.S. at 532 n. 5).
[58] 565 U.S. 266, 281 (2012).
[59] Id. at

8

application. Because he has not, this Court does not have jurisdiction to resolve Petitioner's claims.

## CONCLUSION

For the above reasons, Petitioner's Rule 60(b) motion is **HEREBY DENIED**.

**New Orleans, Louisiana, this 27th day of November, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**